JACOB KORALEWSKI v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 27, 1901.

Nos. 12,848—(203).

**Personal Injury—Occupant of Hand Car—Negligence.**

> A hand car, occupied by a section crew, while running at the rate of five to eight miles an hour, ran upon a stick lying across one of the rails, thereby derailing the car and injuring one of the men. *Held*, that the evidence was not sufficient to show:
>
> 1. That the foreman was not engaged in the reasonable exercise of his duty in keeping a lookout ahead for obstructions.
>
> 2. That the accident could have been averted had he been in the proper exercise of such duty.

Action in the district court for Marshall county to recover $5,000 for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Reversed, and a new trial granted.

*C. Wellington* and *A. C. Wilkinson*, for appellant.

*Greeley E. Carr* and *F. D. Larrabee*, for respondent.

LEWIS, J.

The plaintiff, together with seven other section men and a foreman, employees of defendant, were returning to their homes on a hand car on the evening of May 17, 1899, after a day's work. At a point about three miles north of the village of Stephen, the car, running at a rate of from five to eight miles an hour, ran upon a stick three feet long, three inches wide, and one inch thick at one end and two inches at the other, which was lying across one of the rails, thereby derailing the car, throwing plaintiff against the propelling bar, and causing him the injuries complained of.

The substantive charge of negligence is that it was the foreman's duty to keep a lookout for obstructions, and that on this occasion he was negligent in this respect, by reason whereof the

[1] Reported in 88 N. W. 410.

accident resulted. While there was some evidence tending to show that it was the custom of foremen of section crews to be observant of the condition of the track ahead in order to avoid accidents, there is a failure in the evidence to support the allegation that the foreman here concerned did not use reasonable care in looking out for obstructions. The evidence is also insufficient to sustain the inference that, had the foreman seen the obstruction, the car could have been controlled and stopped soon enough to prevent the accident.

Admitting that it was the foreman's duty to be watchful, and see that the track was clear and free for safe passage, yet that was not his sole duty. He was also charged with keeping in repair the track and roadbed, and while riding back and forth on the hand car it was his duty to take notice of any defects needing remedy, as well as exercising reasonable care in viewing the track for obstacles; and there is no direct evidence showing that he was not reasonably diligent in the performance of such duty. Negligence is imputed to him from the mere fact that the car was not stopped in time to avoid the accident. The record does not disclose the lay of the track,—whether it was straight or on a curve, ·—at what distance such an obstruction could have been seen, nor how soon the car might have been stopped. In the absence of evidence in these respects, it cannot be assumed that the accident would have been prevented even had the foreman been looking ahead. For the reasons stated, there is a failure to establish negligence on the part of appellant, and the verdict is not supported by the evidence.

Order reversed, and new trial granted.